PENNSYLVANIA RAILROAD COMPANY, Plaintiff, *v.* JAMES TOZZI, Defendant.

Supreme Court, New York Special Term, November 17, 1924.

Carriers — carriers of goods — one action by carrier for conversion and one based on foreign judgment — motion in alternative for summary judgment on second cause of action or judgment on pleadings — plaintiff delivered goods to defendant on representation that goods belonged to defendant — later another, claiming title, recovered judgment in New Jersey against plaintiff — defendant was notified to defend New Jersey action on theory that he was indemnitor — defendant is not bound by New Jersey judgment in absence of express agreement to indemnify or evidence of defendant's connection with wrong — complaint is insufficient — plaintiff's remedy is to sue on ground of mistake or fraud and allege offer to return freight paid by defendant — summary judgment or judgment on pleadings will not be granted if complaint is insufficient.

The complaint in an action by a carrier of goods which contains two causes of action, one for conversion of certain goods and the second upon a judgment obtained in New Jersey against the plaintiff by a third person, does not, as to the second cause of action, state facts sufficient to constitute a cause of action which alleges that the plaintiff delivered two carloads of merchandise to the defendant, apparently without receiving a bill of lading, upon representation made by the defendant that he was the owner of the goods; that thereafter a third person sued the plaintiff herein in New Jersey for the value of the goods and recovered judgment therefor, which is the judgment on which the second cause of action in the complaint is based; that after the plaintiff had been sued in said New Jersey action, it notified the defendant to defend the action on the theory that the defendant stood in the relation of indemnitor to the plaintiff.

The defendant is not bound by the New Jersey judgment, since there is no allegation of an express agreement by the defendant to indemnify the plaintiff or any allegation to establish some connection with the wrong.

The plaintiff in this action is not without a remedy, for it may sue the defendant to recover the value of the goods on the ground that they were delivered

him through mistake or fraud. In such an action, however, the complaint must not only be predicated upon mistake or fraud but there must be an allegation that the plaintiff offered to restore the freight paid by the defendant when he received the goods from the plaintiff, and inasmuch as there is no such allegation in the second cause of action, the complaint as to that cause of action is insufficient even though the New Jersey judgment could be proceeded upon on plaintiff's theory.

On a motion for summary judgment or a motion for judgment on the pleadings, the complaint may be examined and, if it is insufficient, the motion will be denied.

MOTION for summary judgment on second cause of action, or in alternative, for judgment on the pleadings.

*O'Brien, Boardman, Parker & Fox,* for the plaintiff.

*Henry Silverman,* for the defendant.

ERLANGER, J.:

Two causes of action are set up in the complaint. The first is for a conversion of certain merchandise, and the second is based upon a judgment obtained in the Supreme Court of the State of New Jersey. Plaintiff moves for summary judgment on the second cause of action, or, in the alternative, for judgment on the pleadings.

A rather novel question is presented in support of the application. The defendant was not a party to the New Jersey action, but a notice was served upon him, pending that action, to defend it upon the theory that he stood in the relation of indemnitor to the plaintiff. The facts, briefly, are as follows:

Brown & Collins, hereinafter called the shippers, are dealers in produce in the State of Florida. They shipped two carloads of tomatoes from that State, destined to some northern point. On June 3, 1921, while the two carloads were in transit, the shippers sold them to the defendant in this action. It appears from the defendant's papers that after such sale was made to him the tomatoes rose in price and the shippers took advantage of the market and again sold them to J. B. Moritz & Co., of Philadelphia. The defendant, after his purchase, instructed the plaintiff, the carrier of the commodity, to deliver the contents of the two cars to one Cancelmo at Philadelphia, and later changed those instructions, and directed that the two carloads be delivered to him at New York. The initial carrier was the Atlantic Coast Line Railroad Company, and when the cars were transferred to plaintiff's line it seems that at that time they had been ordered delivered to the defendant. On June 9, 1921, the defendant paid the freight and received from the plaintiff the contents of both cars. Six days later, and on the fifteenth of that month, the defendant, who had meantime disposed of the tomatoes, was called on the telephone by J. B. Moritz & Co.,

of Philadelphia, and was informed that their firm had purchased the same two carloads, and at that time the defendant explained to J. B. Moritz & Co. that he was the owner since the 3d day of June, 1921.

The papers do not show whether either the defendant or J.B. Moritz & Co. ever received a bill of lading, or who held it when the delivery of the contents of the cars was made. The plaintiff, however, was satisfied, from telegrams exhibited to it by the defendant, that the latter was the owner and entitled to the tomatoes, and delivery was made upon the strength of those telegrams. Thereupon J. B. Moritz & Co. sued the plaintiff in the New Jersey courts for conversion, and upon the trial a verdict was directed in their favor for the sum of $3,737.95. It is upon this judgment that plaintiff's second cause of action is predicated, and the amount demanded is the sum which plaintiff was required to pay under it.

The plaintiff contends that, when the defendant obtained the tomatoes from it, there immediately arose an implied agreement of indemnification. The main authority cited to sustain this claim is 31 Corpus Juris, 446, where the rule is stated as follows: " Where one is compelled to pay money which in justice another ought to pay, the former may recover from the latter the sums so paid; and where a person carefully and in good faith does an act which is not apparently illegal, at the request or under the express directions of another person, and such act causes an injury to the rights of third persons, an implied contract arises on the part of the person for whom the act is done, and who is primarily liable therefor, to indemnify the person doing the act against the natural consequences thereof."

A number of cases are referred to in support of the text. None, however, are analogous to the instant case. There is no doubt that when, by the wrongful or tortious act of a person, another is rendered liable, there arises an implied contract on the part of the wrongdoer to indemnify an innocent party. This rests upon the principle that every one is responsible for the consequences of his own wrong. The rule that a party is bound by an adjudication in a former action as to material facts concerning which he had notice and an opportunity to defend is only applicable where the ultimate liability of the party thus sought to be bound is conceded, for the very foundation and essential basis of said rule is that the party thus bound is liable over to the defendant in said action. (*New York Title & Mortgage Co.* v. *Title Guarantee & Trust Co.*, 187 App. Div. 537; *Fedden* v. *Brooklyn Eastern District Terminal*, 204 id. 741–744.)

In my opinion the plaintiff is not protected by the authorities

upon which it relies. A carrier which at its peril delivers property to the wrong person is not without a remedy. If through mistake, fraud, or otherwise, it has been induced to deliver goods to a person not entitled thereto, action may be brought for the value of the goods. The right to recover in such instances is fully set forth in 10 Corpus Juris (p. 268, § 383). But the complaint in such actions must be predicated upon mistake or fraud, or otherwise, as the case may be, and it must offer to restore the freight paid by the recipient of the goods. Because the nature of the action is not of the character indicated, that does not permit the carrier to retain the freight charges and recover his alleged damage in addition. The first pleading may be searched on motions for judgment to ascertain its sufficiency, and if a defect is discovered in the plea the relief prayed for must be denied.

Except for the notice served, a case which has some analogous features was decided in the Pennsylvania courts. There the carrier was instructed to deliver goods which were in transit to certain consignees, which directions were subsequently changed by the consignor. The goods were not stopped in transit, and the carrier delivered them to the original consignee, whereupon an action was brought against the carrier by the consignor, and judgment obtained against it in the courts of this State. The carrier thereafter brought suit in Pennsylvania against the recipient of the goods, and recovery was denied to it. The court, among other things, said: " There may be apparent hardship in the failure of the plaintiff to recover, after having been sued by the consignors in the State of New York for misdelivery of the goods, and compelled to pay the value thereof, but with this we have nothing to do."

Motion denied.