This is a motion to strike part of a counterclaim, which raises the question whether under Tort Reform II the parent of a minor child, suing in the child's behalf, can be a defendant in a counterclaim in order to reduce the percentage of negligence of the defendant, or whether that is precluded under the parent/child immunity doctrine.
The complaint alleges negligence by the defendant in operating a motor vehicle which collided with a bicycle, injuring the minor plaintiff, Edwin Bueno. The child's mother, Christina Bueno brought this action as the parent and natural guardian of her son. The first count of the complaint is for personal injuries to the child, and the second count is by the parent individually to recover medical expenses for treatment of the child. The defendant filed a special defense claiming comparative negligence by the child in operation of his bicycle. The defendant also filed a two-count counterclaim against the plaintiff/parent, Christina Bueno. The first count claims that the injuries of the minor plaintiff were caused by the negligence of the plaintiff/parent for failure to supervise the minor child and allowing him to ride the bicycle on a highway. The second count is addressed to the second count of the complaint, which was for recovery of medical expenses by the parent, and it contains similar allegations of failure to adequately supervise the child. The request for relief in the counterclaim is that the jury be instructed under section 52-572(f) of the General Statutes to consider the actions of the parent when determining the percentage of liability of the parties to the action. The plaintiff has moved to strike the first count of the counterclaim and the request for a jury instruction concerning apportionment of liability on the ground that such claims are barred by the parental immunity doctrine.
A motion to strike can be used to attack the legal sufficiency of the allegations of any count of a counterclaim or the legal sufficiency of any prayer for relief in a counterclaim. Section 152(1) and (2), Connecticut Practice Book. A motion to strike challenges the legal sufficiency of a pleading and admits all facts well pleaded but not legal conclusions, and if the facts provable under the allegations of the counterclaim support a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 109.
The first count of the counterclaim is arguably insufficient as a claim by the defendant against the plaintiff/parent, but that has not been raised in the motion to strike. It is conceded by the defendant that the counterclaim has been filed for the limited purpose of requiring consideration of the parent's negligence in determining the percentage of total negligence attributable to the defendant. The general rule is that there is no right of indemnity CT Page 5686 or contribution between joint tortfeasors. Ferryman v. Groton,212 Conn. 138, 142. The counterclaim does not contain the necessary allegations to shift legal responsibility to the plaintiff/parent based on the primary/secondary negligence concept. See Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698. "`A counterclaim is a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise arrest a plaintiff's claim and also allows a recovery by the defendant.'" Home Oil Co. v. Todd, 195 Conn. 333, 341; Franchl v. Farmholme, Inc., 191 Conn. 201, 218 n. Here the defendant does not seek a recovery of damages from the plaintiff.
A counterclaim is not the proper method to obtain a reduction in damages under Tort Reform II by negligence attributable to other parties. Section 52-572h(c) of the General Statutes provides that in a negligence action if the damages are determined to by proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the "recoverable" damages on 52-572h(e) states that "in any action to which this section is applicable, the instructions to the jury given by the court shall include an explanation of the effect on awards and liabilities of the percentage of negligence found by the jury to be attributable to each party." It is apparent from the statute that in order for a defendant to reduce the amount of damages which would be paid to an injured plaintiff by that defendant, that other negligent persons must be parties to the action. Unlike Tort Reform I (Public Act 86-338 the prior version or section 52-572h) where the total amount of negligence is divided among persons responsible for the injury, whether or not they were parties to the action, under Tort Reform II, negligence is divided only between parties to the action. As a result, a defendant seeking to shift a percentage of the negligence to others must now make them parties to the action.
The courts which have considered this question have allowed existing defendants in an action to join other responsible parties as defendants under section 52-102 of the General Statutes. Howard v. Capellan, 5 CSCR 577, 2 Conn. L. Rptr. 68 (1990, Maloney, J.); Snipes v. Fisher, 6 CSCR 770, 4 Conn. L. Rptr. 416
(1991 Wagner, J.); Young v. Vanconant, 4 CSCR 314 (1989, Kulawiz, J.); Lombardi v. Johnstone, 4 CSCR 386 (1989, Healey, J.); Hillman v. York Auto of New Haven,2 Conn. L. Rptr. 684 (1990, Schimelman, J.); Blanchette v. Pennington,7 CSCR 564 (1992, Austin, J.). Section 52-102 (as amended byPublic Act 87-227, Sec. 10) provides in relevant part as follows: "Upon motion made by any party . . . to a civil action, the person named in the party's motion . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who CT Page 5687 is immune from liability shall be made a defendant in the controversy." Under this statute when considered in conjunction with section 52-572h(c), a defendant in a negligence action can require another person who may be responsible for the plaintiff's injuries to be named as a codefendant even over the objection of the plaintiff. Howard v. Capellan, supra, 5 CSCR 577.
This case is different in several respects from those where a third party with potential liability to the plaintiff was made a defendant pursuant to section 52-102. The child's parent is already a party both individually and as a parent of the minor child. In addition, contributory negligence of the child is already pleaded as a special defense. Under section 52-572h(f) of the General Statutes, the jury is required to determine the percentage of negligence that proximately caused the injury that is attributable to each party whose negligent actions were a proximate cause of the injury. This arguably includes both the child and the parent, making it unnecessary to implead them as defendants under section 52-102, since they are already parties to the action.
This case is also different from prior decisions because of the parent/child immunity doctrine. "The parental immunity doctrine bars an unemancipated minor from suing his or her parent for injuries caused by the negligence of that parent." Dubay v. Irish,207 Conn. 518, 523; Dzenutis v. Dzenutis, 200 Conn. 290, 293. This rule has been abrogated by statute for negligence in the use of motor vehicles, aircraft and boats by section 52-572c of the General Statutes, but it has not been extended to bicycles. The rule was first adopted in this state in 1929 in Meslie v. Kirchenstein,109 Conn. 77, 84, which states the policy reasons for it. While the parental immunity doctrine has been criticized and is subject to some exceptions. Dzenutis v. Dzenutis, supra, 295-301, it remains the law in this state where the alleged negligent conduct involves the exercise of parental authority or supervision. Dubay v. Irish, supra, 526. As a result of the parental immunity doctrine, the child could not recover from his mother for any negligent conduct on her part in supervising him even if it contributed to the injury.
The parent's claim for recovery of medical expenses is derivative from the injury to the child. If the child cannot recover against the defendant because of the child's contributory negligence as alleged in the special defense, this bars the parent's recovery of medical expenses. Wueppesahl v. Connecticut Co.,87 Conn. 710, 711; Perry v. Aurelio, 2 Conn. L. Rptr. 328 (1990); 59 Am. Jur. 250, 251, Parent and Child, Sec. 112.
A more difficult question is whether the negligence of the parent can be considered in the action by the minor child (represented CT Page 5688 by the parent) against the defendant when computing the percentage of negligence attributable to each party at the time of trial. The prayer for relief in the counterclaim if for a jury instruction under section 52-572(l) which includes the percentage of negligence attributable to the parent. That statute requires the trier to determine the percentage of negligence attributable to the claimant and the percentage of negligence attributable to each party whose negligent actions were a proximate cause of the injury. In addition, section 52-572h(c) provides that "each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic" and noneconomic damages. This suggests that the negligence of the parent is considered (provided the parent is a party) when a trier determines the percentages of negligence under subsection (f), and the proportional share of damages for which the defendant is liable under subsection (d), even though the child cannot recover against the parent because of the parental immunity doctrine. [The amendment to section 52-102 by Tort Reform II may result in a different outcome if the parent is not a party. The former version of that statute provided in part that "[a]ny PARTY SHALL HAVE THE RIGHT TO MAKE ANY person . . . a defendant . . . whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party."Public Act 86-338, Sec. 16. The changes made in section 52-102
by Public Act 87-227, Sec. 10 included the following: "provided no person who is immune from liability shall be made a defendant in the controversy." This suggests that a parent who is not liable to the child as a result of the parental immunity doctrine cannot be added as a defendant at the request of any party to the original action.] It is unnecessary to resolve the effect of section 52-572h(f) at the time of trial now since for reasons previously stated this issue is not properly raised by the counterclaim. The negligence of the parties will be considered at the trial regardless of the counterclaim to the extent provided by section 52-572h.
The motion to strike the first count of the counterclaim is granted.