[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM
This is a negligence action brought by plaintiff CT Page 3214 William Waddicor ("plaintiff"), as the parent and natural guardian of plaintiff Mattias Waddicor, a minor ("minor"), against defendant Bozrah Light and Power Company for personal injuries incurred by the minor.
The defendant filed a counterclaim against the plaintiff for indemnification, contribution and/or apportionment of damages. The plaintiffs have filed a motion to strike the counterclaim.
The plaintiffs allege the following facts. The defendant leased a hot water heater to the plaintiffs for use in the plaintiffs' house and the defendant had the duty to maintain the controls on the heater for the water temperature at a reasonably safe level. The minor was badly burned by water of extremely high temperature from the sink in the house. At the time of the minor's injuries, the water heater controls were set at an unreasonably and dangerously high temperature. The plaintiffs seek damages for the minor's injuries and for medical expenses the plaintiff has incurred due to these injuries.
The defendant filed a two-count counterclaim against the plaintiff. In count one, the defendant alleges that the plaintiff was negligent in the supervision of the minor; the plaintiff's negligence rather than any negligence attributable to the defendant caused the minor's injuries; the defendant had no reason to know or anticipate the plaintiff's negligence; and the defendant has an independent legal relationship with the plaintiff. In count two, the defendant alleges that the plaintiff is proportionately liable for the minor's injuries pursuant to General Statutes52-572h. The defendant seeks contribution, indemnification and/or an apportionment of liability.
The plaintiffs filed a motion to strike the defendant's counterclaim in its entirety on the grounds that a counterclaim is not the proper vehicle for raising the issues in the counterclaim; the claims for relief are legally insufficient; and the plaintiff is immune from negligence that may be attributable to him.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142 (1989). In ruling CT Page 3215 upon a motion to strike, the court must take as admitted all well pled facts and construe them in a manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority208 Conn. 161, 170 (1988). If a pleading contains the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218-19 (1987).
I. Apportionment.
In Bueno v. Duva, 7 CSCR 919 (August 10, 1992, Fuller, J.), the court addressed the issue of whether under Tort Reform II the parent of a minor child suing on the child's behalf can be a defendant in a counterclaim in which the defendant is seeking apportionment of damages based on allegations of negligent supervision against the plaintiff/parent. The court held that because apportionment of liability among all parties in the action, including the plaintiff/parent, is provided for under General Statutes52-572(c) and General Statutes 52-572h(f), the counterclaim was unnecessary. Therefore, the court granted the plaintiff/parent's motion to strike a count of the counterclaim which sought apportionment based on negligent supervision.
In the present case, therefore, insofar as the defendant seeks apportionment in count two and in the prayer for relief of its counterclaim, the claims must be stricken.
II. Contribution.
The right to contribution does not attach until a final judgment has been rendered. Figuierdo v. Purity Supreme, Inc., 5 Conn. L. Rptr. 317 (December 5, 1991, Schaller, J.).
In the present case, a final judgment against the defendant has not entered. Therefore, the defendant's claim for contribution from the plaintiff as set forth in the prayer for relief in the counterclaim is legally insufficient and the defendant's claim for contribution must be stricken.
III. Indemnification.
Generally, there is no right to indemnification CT Page 3216 between joint tortfeasors. Ferryman v. Groton, supra, 142. However, a claim of indemnification may exist:
 Where . . . one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, . . .
Preferred Accident Ins. Co. v. Musante, Berman Steinberg Co., 133 Conn. 536, 543 (1965).
In the present case, in count one of the counterclaim the defendant has not alleged that the plaintiff was in exclusive control of the circumstances surrounding the minor's injuries. Therefore, count one of the defendant's counterclaim, which asserts a cause of action for indemnification, is legally insufficient and the plaintiffs' motion to strike this count must be granted.
IV. Conclusion.
For the reasons stated above, the plaintiffs' motion to strike the defendant's counterclaim is granted.
Hendel, J.