[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE AND OBJECTION TO MOTION TO STRIKE
The issue is whether the court should grant the plaintiffs' motion to strike the defendant Ettore's special defense and counterclaim despite the defendant's objection.
On December 3, 1992, the minor plaintiff Jennifer Green, through her parents Todd and Victoria, brought a two count negligence action against defendant Peter Mancusi, alleging that as the minor plaintiff attempted to cross the street at a pedestrian crosswalk she was struck by Mancusi's automobile, sustaining serious injuries. The court, Rush, J., granted Mancusi's motion to cite in as a defendant Larissa Ettore, the minor plaintiff's babysitter, who was present at the time of the accident. On February 18, 1993, plaintiffs amended their complaint to add a negligence count against Ettore [hereinafter "defendant"]. On April 16, 1993, the defendant filed an answer, special defense and counterclaim.[1]
The special defense alleges that if the minor plaintiff sustained injuries, they were a result of her parents' negligence, and the counterclaim alleges that damages should be apportioned pursuant to General Statutes 52-572h. On September 28, 1993, the plaintiffs moved to strike the special defense and the counterclaim on the grounds that both fail to adequately allege negligence and are barred by the parental immunity doctrine, and that the counterclaim is insufficient because it only seeks apportionment. The defendant filed a memorandum of law in opposition to CT Page 385 the motion on October 20, 1993.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90,93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34,36, 552 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545,427 A.2d 822 (1980).
I. Special Defense
The plaintiff claims that the special defense fails to adequately specify acts or omissions constituting negligence and that it is barred by the doctrine of parental immunity. In response, the defendant argues that whether a parent is negligent is a question of fact which should not be determined by this court on a motion to strike. The defendant further argues that the special defense may be maintained notwithstanding the minor plaintiff's inability to sue a parent directly under the doctrine of parental immunity.
"At common law, when a minor child is injured by reason of the negligent act of a third party, two causes of action arise, one in favor of the child to recover for injuries and the other in favor of the parent for consequential damages such as expenses incurred by reason of those injuries." Botelho v. Curtis, 28 Conn. Sup. 493,496, 267 A.2d 675 (1970). "The right of the parent to recover is independent of the right of the child." Id. The negligence of a parent cannot affect a child's right to recover. Simon v. Nelson, 118 Conn. 154, 157, 179 A.2d 796 (1934); Benway v. Ruggerio, Superior Court, Judicial District of New Haven, at New Haven, Docket No. 321331 (December 15, 1992); Darling v. Peerless Ins. Co., 7 CTLR 511, 512 (October 23, 1992, Teller, J.); Botelho v. Curtis, supra, 497. "As the negligence of a parent is not imputable to an injured minor, the special defense of contributory negligence of the parent is not a legal barrier to the CT Page 386 maintenance of a minor child's action." Benway v. Ruggerio, supra.
As noted above, count one of the action at bar is brought by the plaintiff parents on behalf of the minor plaintiff for injuries, and count two is brought by the plaintiff parents for medical expenses. The special defense, which apparently alleges negligent supervision on the part of the parents, would not be a legal barrier to the minor plaintiff's action. The court grants the motion to strike the special defense as to count one of the complaint.
A determination of whether the special defense is valid as to the second count of the plaintiffs' complaint requires an analysis of the application of the doctrine of parental immunity. "The parental immunity doctrine bars an emancipated minor from suing his or her parent for injuries caused by the negligence of that parent." Dubay v. Irish, 207 Conn. 518, 523, 542 A.2d 711
(1988).
The immunity has been abrogated by the legislature in motor vehicle, aircraft, and boat accidents, Id., 524, General Statutes52-572c; but it continues to apply where the alleged negligent conduct involves the exercise of parental supervision. Id., 527. The policy is that "[c]ourts should not unnecessarily involve themselves in the day-to-day exercise of parental discretion regarding the upbringing and care of children." Id.
It is submitted that there is a split in the Superior Courts, and that the higher courts have not addressed the issue of whether the doctrine of parental immunity bars third party claims against parents in actions where minor plaintiffs seek damages for injuries. See Ortiz v. Douglas, 9 CTLR 62 (May 31, 1993, Hennessey, J.) (court denied motion to cite in as defendant father of minor plaintiff due to parental immunity doctrine); Waddicor v. Bozrah Light Power Co., 9 CTLR 190, 191 (May 28, 1993, Teller, J.) (court noted that even if plaintiff mother was properly joined for apportionment claim, mother immune from liability under doctrine of parental immunity); Raffuse v. Rollar Homes Inc., 8 CSCR 623
(May 7, 1993, Higgins, J.) (court granted third party defendant's motion to strike on ground that where parent cannot be sued by child in direct action pursuant to parental immunity doctrine, parent cannot be subject to defendant's indemnification claim); Darling v. Peerless Ins. Co., supra (court used parental immunity doctrine as partial basis for striking special defense of negligence supervision); White v. Men-Boz, Inc., 4 Conn. L. Rptr. 623 (July CT Page 387 21, 1989, Schaller, J.) (court granted motion to strike counterclaim based on authority from other jurisdictions holding that where parent may not be sued by child, also may not be subject to third party claim); cf Bueno v. Duva, 7 CSCR 919 (August 10, 1992, Fuller, J.) (even if direct claim by child against parent barred by parental immunity doctrine, negligence of parent who is party to the action considered when trier determines percentages of negligence); Finley v. Tortora, 5 Conn. L. Rptr. 56, 57-58 (September 27, 1991, Ryan, J.) (court denied motion to strike third-party complaint on ground that parental immunity does not bar claim against parents of injured child for indemnification or contribution based on negligent supervision).
Most of the cases addressing parental immunity in the Superior Court are not directly applicable because they address third party claims rather than special defenses. The parents in this case are already parties to the action, and since the negligence of all parties will be considered by the trier when determining negligence percentages pursuant to General Statutes 52-572h, the special defense may not be necessary. However, there is an absence of authority from the Supreme and Appellate Courts regarding whether the parental immunity doctrine precludes negligent supervision as a special defense. The court denies the motion to strike the special defense of negligent supervision as to the second count of the complaint. See Benway v. Ruggerio, supra.
II. Counterclaim
The plaintiff argues that the counterclaim is insufficient since it only seeks apportionment of damages rather than affirmative relief and because it does not allege the elements of a cause of action sounding in negligence. The defendant also claims that the counterclaim is barred by the doctrine of parental immunity. In response, the defendant argues that she has properly alleged a counterclaim grounded upon contributory negligence.
General Statutes 52-572h provides in relevant part that:
 (c) In a negligence action to recover damages resulting from personal injury, wrongful death property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable CT Page 388 economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
 (e) In any action to which this section is applicable, the instructions to the jury given by the court shall include an explanation of the effect on awards and liabilities of the percentage of negligence found by the jury to be attributable to each party.
 (f) The jury or, if there is no jury, the court shall specify: (1) The amount of economic damages; (2) the amount of noneconomic damages; (3) any findings of facts necessary for the court to specify recoverable economic damages and recoverable noneconomic damages; (4) the percentage of negligence that proximately caused the injury death or damage to property in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section; and (5) the percentage of such negligence attributable to the claimant.
 In Bueno v. Duva, 7 CSCR 919 (August 10, 1992, Fuller, J.), this court considered a plaintiff's motion to strike a counterclaim for apportionment. Like the case at bar, Bueno involved a parent bringing an action on behalf of her minor child against the operator of a motor vehicle. The court granted the motion to strike, noting that "`[a] counterclaim is a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat, or otherwise affect a plaintiff's claim and allows a recovery by the defendant.'" Id. quoting Home Oil v. Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985). The court concluded that since 52-572h(c) provides that all parties against whom recovery is permitted are only liable for their proportionate share of damages, "the negligence of a parent should be considered when a trier determines the percentages of negligence, provided that the parent is a party." Bueno v. Duva, supra. The reasoning in Bueno was recently adopted by another Superior Court faced with a motion to strike an appointment claim brought by a defendant against a plaintiff parent. See Waddicor v. Bozrah Light, 8 CSCR 407 (April 5, 1993, Hendel, J.).
 The counterclaim, in the case at bar, which alleges that "injuries and damages should be apportioned pursuant to 52-572h, is a claim for apportionment. This case is similar to the above cases in that the plaintiffs are already parties to the action CT Page 389 and as such, their liability, if any, will be considered by the jury under 52-572h. Accordingly, the court grants the motion to strike the counterclaim.
Cohan Kulawitz for plaintiff.
McNamara Kenney for defendant.