[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The plaintiffs brought this action seeking damages for injuries alleged to have been sustained when the plaintiff, Sophie Black, while entering through the doorway of the defendant's premises, was struck by a door which suddenly collapsed and closed upon her. The plaintiff, Dale Black, claims a loss of consortium.
The defendant amended its answer and special defenses and filed a counterclaim, alleging contributory negligence on the part of Dale Black for any injuries suffered by Sophie Black. The defendant, in its counterclaim, sought "a determination of the proportional share of the recoverable damages as against Dale Black, pursuant to Connecticut Tort Reform Laws."
The plaintiffs filed a motion for summary judgment on the grounds (1) that the defendant's counterclaim is barred by the two-year statute of limitations set forth in § 52-584 of the General Statutes; and (2) that the allegations of the counterclaim fail to state a cause of action because the claim of apportionment of damages does not state a cause of action.
"In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits and other documentary proof submitted by the parties." (Citation.) [Orticelli v. Powers], 197 Conn. 9, 15 (1985). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted); [Hammer v. Lumberman'sMutual Casualty], 214 Conn. 573, 578 (1990).
Section 116 of the Practice Book provides for the filing of a counterclaim if the allegations arise out of the transaction which is the subject of the plaintiff's complaint. Section 116 further provides that a defendant may file a counterclaim against "any other party to the action for the purpose of establishing that CT Page 4544 party's liability to the defendant for all or part of the plaintiff's claim against that defendant." Such a counterclaim is "`a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant.'" [Home Oil Co. v. Todd], 195 Conn. 333, 341 (1985).
In this case, the defendant clearly does not seek any recovery of damages from a plaintiff but, instead, seeks "determination of the proportional share of the recoverable damages as against Dale Black." A counterclaim, however, "is not the proper method to obtain a reduction in damages under Tort Reform II by negligence attributable to other parties." [Bueno v. Duva], 7 CSCR 919 (July 9, 1992, Fuller, J [J.]).
The defendant cannot look to the plaintiff Dale Black for a "proportional share" of any damages recoverable by the plaintiff in his action. Section 52-572h(c) of the General Statutes provides, in negligence actions, that when damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed is liable to the claimant only for that party's proportionate share of the recoverable damages. Section 52-572h(e) requires that jury instructions shall include an explanation concerning "the effects on awards and liabilities of the percentage of negligence found by the jury to be attributable to each party."
The plaintiffs' motion for summary judgment is granted because the defendant seeks to raise a claim that fails to state a cause of action.
BY THE COURT:
LEANDER C. GRAY, JUDGE CT Page 4545