[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moves to strike the defendant's counterclaim for indemnification and apportionment of liability. The defendant fails to state a legally sufficient claim for indemnification, because he fails to allege the existence of an independent legal relationship between himself and the plaintiff. Atkinson v.Berloni, 23 Conn. App. 325, 328, 580 A.2d 432 (1989).
The defendant also fails to state a legally sufficient claim for apportionment of liability against the plaintiff. General Statutes § 52-572h(c) provides in part that "if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shallbe liable to the claimant only for his proportionate share . . . ." Based upon the language of the statute, liability is apportioned only among defendants. It is unnecessary for a defendant to file a counterclaim for apportionment of liability against a plaintiff See Green v. Mancusi, 9 CSCR 117 (February 7, 1994, karazin [Karazin], J.); Bueno v. Duva, 7 CSCR 919
(July 9, 1992, Fuller, J.).
Accordingly, the plaintiff's motion to strike the defendant's counterclaim is granted.
FORD, JUDGE CT Page 8030