[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
The plaintiff herein, Wayne McKee, and his minor child, Raymond McKee through his father, Wayne McKee, brought this action against Sun Valley Beach Club, Inc., hereinafter "Sun Valley" and Robert N. Minor, its owner, for injuries resulting from alleged negligence of the defendants that caused Raymond McKee to fall from the ladder of a water slide located on the grounds of the defendants' recreational facility. Wayne McKee and his family were members of Sun Valley.
The defendants filed a cross-claim, later described as a counterclaim, claiming that the father, Wayne McKee, was contributorily negligent in failing to properly supervise, assist and warn his son, Raymond; and seek in their prayer for relief an assessment of the proportionate share of liability of Wayne McKee and indemnification from him.
Plaintiff has moved to strike the cross-claim, claiming that the doctrine of parental immunity bars all recovery from the plaintiff, apportionment is not available against this plaintiff because he is immune from liability, and since he is immune from liability, there is no right of indemnification under any exception to the general rule that there is no right to indemnification between joint tortfeasors.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the CT Page 3241 complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235
(1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citation omitted.) Alarm Applications Co.v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980). "[W]hether a court should grant declaratory relief is properly decided by a motion to strike." Aetna Casualty SuretyCo. v. Jones, 220 Conn. 285, 293, 596 A.2d 414 (1991).
General Statutes § 52-572h(c) provides:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed
shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section." emphasis added.
"When the plain language of a statute is unambiguous, we do not look further in ascertaining its meaning." State v. Laws,37 Conn. App. 276, 301 (1995) citing University of Connecticut v.Freedom of Information Commission, 217 Conn. 322, 328 (1991).
The plaintiff is not a party against whom recovery is allowed
because he is immune from liability under the doctrine of parental, immunity. "Under this doctrine `a parent is not liable civilly to his child for personal injury inflicted during [the child's] minority . . .' Dubay v. Irish, 207 Conn. 518, 523 (1988) citingMesite v. Kirchenstein, 109 Conn. 77, 82, 83 (1929).
Accordingly, plaintiff is immune from liability, and the defendants cannot now seek apportionment from him. The motion to strike the first count of the cross-claim is granted. CT Page 3242
There is a split of authority as to whether a third party can bring an action for indemnification against the parent of a minor plaintiff for negligent supervision. Finley v. Tortora, 5 Conn. L. Rptr., p. 56 (1991) (Ryan, J.) and Immick v. Sears,Roebuck Co., 5 Conn. L. Rptr., p. 469 (1992) (Fuller, J.) held that parental immunity does not bar a claim for indemnification against the parent for negligent supervision.
However, White v. Men-Boz, Inc., 4 CSCR 623 (1989) (Schaller, J.) and Raffuse v. Rollar Homes, Inc., 8 CSCR 623
(1993) (Higgins, J.) have ruled the other way. This court adopts the reasoning in Raffuse v. Rollar Homes, Inc., supra, and finds it to be analogous to the facts at bar. Here, plaintiff was a member of a beach club for the use of its recreational facilities for which use it paid consideration. In Raffuse, the mother was a tenant in the trailer park owned by the defendants, lessors. This membership for use and a lease agreement would suggest an independent legal relationship between the parties. Defendants here have alleged, through the cross-claim, and the complaint which allegations are taken as judicial admissions, that plaintiffs were members of the defendant club and utilizing the facilities. However, there must be facts alleged showing an independent relationship with a duty to the defendants. The duty of the plaintiff herein is to behave as a reasonable father. That is not sufficient under Atkinson v. Berloni, 23 Conn. App. 325, 328
(1990). Also, the said duty was owed to the plaintiff's son, not the defendants.
Further, in the case at bar, plaintiffs have alleged active, primary negligence against the defendants, which is misfeasance. The cross-claim alleges only a failure to supervise, which is non feasance, which is passive or secondary. Kaplan v. MerbergWrecking Corporation,[1] 152 Conn. 405, 415 (1965), held that a proposed indemnitor had to be negligent in a manner which wasactive and primary. In the case at bar, the defendants have failed to allege any facts that show the plaintiff's alleged negligence was active and primary. They have alleged only passive negligence. Accordingly, they have not alleged sufficient facts to sustain an action in indemnity.
For the above reasons, the motion to strike the second count the cross-claim is granted. CT Page 3243
Rittenband, J.