[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 1, 1995
This is an action brought by the plaintiff Joshua Bouchard (Joshua), through his mother, the plaintiff Charlene Benoit, and by plaintiff Charlene Benoit, individually, against the defendants Willard L. Eaton, Lucille A. Eaton and Mark Eaton for damages due to personal injuries sustained by Joshua as a result of lead paint in an apartment leased by the defendants to the plaintiffs.
Defendant Mark Eaton (defendant) has filed a motion to cite in for purposes of appointment plaintiff Charlene Benoit and Blaine Bouchard, father of Joshua, pursuant to General Statutes § 52-102 and52-102a. The defendant claims that Joshua's parents were negligent in supervising Joshua and that such negligence was a substantial factor which contributed to Joshua's injuries. The plaintiffs oppose the defendant's motion to cite in on three grounds: first, a motion to implead is not the proper method to bring in a defendant for purposes of apportionment; second, plaintiff Charlene Benoit is already a party to the action for purposes of apportionment;[1] and, third; Blaine Bouchard is immune from suit under the doctrine of parental immunity.
In his motion to cite in, the defendant specifically moves to do so pursuant to General Statutes § 52-102
and § 52-102a. Section 52-102a is the statutory authority CT Page 9649 for impleader. In Ortiz v. Douglas, Superior Court, JD of Hartford-New Britain at Hartford, DN 515187, 9 CONN. L. RPTR. 62 (April 27, 1993) (Hennessey, J.), the court held that "a motion to cite in pursuant to General Statutes 52-102, rather than a motion to implead pursuant to General Statutes52-102a, is the appropriate vehicle for adding a defendant to a plaintiff's action for the purposes of apportioning liability pursuant to General Statutes52-572h(c)." Because the defendant's "complaint for apportionment" specifically prays for "an apportionment of the fault and damages attributable" to Joshua's mother and father, the plaintiffs reason that the court must consider the complaint as one for indemnification/contribution and not apportionment. Since, however, the defendant also relies on § 52-102
to cite in other apportionment defendants, the court finds that the defendant's motion is not procedurally defective and is properly before the court.
The plaintiffs also oppose defendants' attempt to cite in Joshua's father on the ground that he is immune. There is a split of authority regarding the ability of a defendant to cite in an immune person for the purpose of apportioning liability under General Statutes § 52-572h. See, Waddicor v. Bozrah Light Power Co., 9 CONN. L. RPTR. 190 (June 28, 1993) (Teller, J.), and Brozdowski v. Southern Connecticut Gas Co.,
7 CONN. L. RPTR. 237 (1992) (Katz, J.).
In Waddicor v. Bozrah Light Power Co., 8 CONN. L. RPTR. 778, 8 CSCR 407 (1993) (Hendel J.), this court addressed the issue of whether a parent of a minor child suing on the child's behalf can be named as a defendant in a counterclaim where the named defendant in the original action is seeking apportionment of damages. The court granted the plaintiff/parent's motion to strike on the basis that "apportionment of liability among all parties in the action, including the plaintiff/parent, is provided for under General Statutes § 52-572(c) and General Statutes § 52-572h(f)," which made the counterclaim unnecessary because the parent was already a party to the action. CT Page 9650
This court has never ruled on the issue presently before it. After reviewing many of the trial court decisions on this issue, the court finds the reasoning set forth in Barrett v. Scozzafava, 12 CONN. L. RPTR. 657 (November 2, 1994) (Sullivan, J.), persuasive. In Barrett,
the court noted that tort reform was instituted in order to insure that a party only pays for the party's proportionate share of damages. After reviewing the interrelated sections of the statute, the court reasoned that General Statutes § 52-572h(f)(4):
 requires the negligence of all parties who proximately caused the injury to be considered when determining each party's percentage of negligence, regardless of whether or not recovery is allowable against that party. This assures that a party will not be responsible for a portion of damages attributable to a person against whom recovery is not allowed.
For the reasons stated above, the defendant's motion to cite in Blaine Bouchard is granted.