[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTIONS TO STRIKE NOS. 114 AND 116
FACTS
On August 22, 1996, the plaintiffs, Linda and David Samuels, on behalf of their daughter, Sarah Samuels, filed a one count complaint in negligence against the defendant, Connecticut Ballet School, Inc. The plaintiffs allege in their complaint that on April 15, 1995, Sarah Samuels, who was then 19 months of age, was a student at a "Music Together" demonstration class which was held at the Connecticut Ballet School, where she hit her head on a stiff wire projecting from a cinder block wall, causing her to suffer injuries. The defendant filed a motion to implead David and Linda Samuels which was granted by the court, Rush, J., on January 21, 1997. In its counterclaim against the Samuels the defendant alleges a one count claim in indemnification alleging that the Samuels were negligent in supervising Sarah Samuels at the time of the accident. The defendant filed a revised answer and special defense on January 8, 1997. In its special defense the defendant alleges that Sarah Samuels' injuries were not due to the negligence of the defendant, but rather were caused by the parents negligence.
On January 22, 1997, the plaintiffs filed a motion to strike the defendant's counterclaim on the grounds that it is barred by the doctrine of parental immunity, and that it fails to allege an independent legal relationship. On January 29, 1997, the plaintiffs filed a motion to strike the defendant's special defense on the ground that it is barred by the doctrine of parental immunity. The plaintiffs filed memoranda of law in support of their motions. The defendant filed a memorandum of law in opposition to the plaintiffs' motion to strike its special defense on February 4, 1997, and a memorandum in opposition to the plaintiffs' motion to strike its counterclaim on February 18, 1997. CT Page 4069
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group,Inc., supra, 215.
The plaintiffs contend that the defendant's counterclaim in indemnification is legally insufficient in that the doctrine of parental immunity, which bars an unemancipated minor from bringing suit against his parents, must also bar an indemnification claim brought by a third party against the parents. The defendant claims that parental immunity is not a bar to a claim for indemnification.
"The doctrine of parental immunity . . . forbid[s] to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." (Citation omitted, internal quotation marks omitted.) Squeglia v. Squeglia, 234 Conn. 259, 263,661 A.2d 1007 (1995). The doctrine has been modified in certain circumstances in that it "does not bar an action by an unemancipated child against a parent for injuries received because of: (1) the negligent conduct of a parent at a business enterprise located outside of the home . . . (2) the negligent operation of a motor vehicle, aircraft or waterborne vessel . . . or (3) sexual abuse, sexual assault or sexual exploitation." (Citations omitted.) Squeglia v. Squeglia, supra, 265. "The purpose of the doctrine is to preserve the integrity and unity of CT Page 4070 the family and to avoid unnecessarily injecting `the machinery of the state' into the day-to-day exercise of parental discretion." Id.
There is a split of authority in Connecticut as to whether a third party can make a claim for indemnification against the parents of a minor for negligent supervision when the minor would be barred by the doctrine of parental immunity from bringing a direct action. The courts in Finley v. Tortora, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 110630 (September 27, 1991, Ryan, J.) (5 Conn. L. Rptr. 56) andImmick v. Sears, Roebuck Co., Superior Court, judicial district of Danbury, Docket No. 305177 (January 22, 1992, Fuller, J.) have allowed such a claim by a third party.
Other courts have determined that a third party may not bring such a claim because it would defeat the purposes of the parental immunity doctrine. See Hribko v. Drubner, Superior Court, judicial district of New Haven at New Haven, Docket No. 352204 (March 11, 1996, Corradino, J.); McKee v. Minor, Superior Court, judicial district of Tolland at Rockville, Docket No. 054970 (April 25, 1995, Rittenband, J.) (14 Conn. L. Rptr. 194);Raffuse v. Rollar Home Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 065051 (May 7, 1993, Higgins, J.) (8 CSCR 623); White v. Men-Boz, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 348810 (July 21, 1989, Schaller, J.) (4 CSCR 623). The more recent, the greatest number, and the more persuasive cases decline to allow a third party to assert a claim for indemnification against the parents of an injured minor when the minor would not be able to assert an independent action.
Furthermore, the plaintiffs argue that there is no independent legal relationship, and therefore, the defendant has not sufficiently alleged a cause of action in indemnification. "Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni,23 Conn. App. 325, 327, 580 A.2d 84 (1990). The defendant alleges that there was an independent legal relationship in that the plaintiffs were business invitees of the defendant's lessee. Nevertheless, this allegation only reflects a legal duty owed by defendant and his lessee towards the business invitee. In similar situations, in McKee and Raffuse the courts determined that the only duty owed by the parents was to act as a reasonable CT Page 4071 parent, which is not a sufficient legal relationship underAtkinson v. Berloni, supra, 329. Moreover, such a duty is owed to the child, not to the defendant. See McKee v. Minor, supra;Raffuse v. Rollar Homes, Inc., supra. Accordingly, the plaintiffs' motion to strike the defendant's counterclaim is should and is hereby granted.
The plaintiffs also seek to strike to defendants special defense on the ground that it is barred by the doctrine of parental immunity. The defendants contend that its special defense is legally sufficient because should the defendant be found liable, its percentage of negligence should be apportioned with that of the parents.
A split of authority in the superior court is also reflected on this issue. One line of cases holds that the negligence of a parent is not imputable to a minor, and therefore, is not a legal barrier to the child's action. See Green v. Mancusi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128849 (January 18, 1994, Karazin, J.) (9 CSCR 117); Diaz v.Tavares, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 393670 (October 29, 1993, Wagner, J.) (10 Conn. L. Rptr. 297); Benway v. Ruggerio, Superior Court, judicial district of New Haven at New Haven, Docket No. 321331 (December 15, 1992, Maiocco, J.); Botelho v. Curtis,28 Conn. Sup. 493 (Super.Ct. 1970).
The other line of cases holds that the negligence of the parents may be considered for purposes of apportioning liability. See Torres v. Melody, Superior Court, judicial district of New London at Norwich, Docket No. 098765 (December 7, 1995, Levine, J.); Mitchell v. Ensign-Bickford Haz-Pros, Inc., Superior Court, judicial district of Waterbury, Docket No. 119742 (July 14, 1995, Sullivan, J.). Additionally, the decision in Darlingv. Peerless Insurance Co., Superior Court, judicial district of New London at New London, Docket No. 052119 (October 23, 1992, Teller, J.) (7 CSCR 1328) seems to imply that a special defense seeking apportionment based on the negligent supervision of a parent would be legally sufficient if the parents were parties to the action, but is not if the parents have not been joined in the action. This court elects to follow that line of cases which conclude that the negligence of the parent is not imputable to the child even for purposes of apportionment.
Accordingly, plaintiff's motion to strike defendant's special CT Page 4072 defense should be and is hereby Granted.
MELVILLE, JUDGE