[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNT I OF DEFENDANT — THIRD-PARTY PLAINTIFF'S COMPLAINT
On March 18, 1992, the plaintiff, Gregory A. Raffuse, Administrator of the estates of Michael Raffuse and Nicole Raffuse, filed a two count action against the defendants, Rollar Homes, Inc. and George Rollar, alleging negligence by the defendants in the death of the plaintiff's two minor children, Michael and Nicole Raffuse. Specifically, the plaintiff alleges that the defendant, George Rollar, is the owner of Evergreen Trailer Park and the defendant, Rollar Homes, Inc., is the manager of Evergreen Trailer Park located on Route 81 in Clinton, Connecticut. The plaintiff alleges that on December 17, 1991, the two children were playing outside their mobile home when they fell through a thin layer of ice on a stream that runs through Evergreen Trailer Park and were suffocated and ultimately died. The plaintiff further alleges that the defendants were negligent because they failed to erect a fence to prevent children from playing in the stream when they knew or should have known that the children who lived in the trailer park would be attracted to the stream. The first count alleges negligence by the defendants in the death of Michael Raffuse, and the second count alleges negligence by the defendants in the death of Nicole Raffuse.
On September 24, 1992, the defendants, Rollar Homes, Inc. and George Rollar, filed a motion for permission to implead Diana Raffuse and Scott Onofrio as third-party defendants pursuant to section 52-102a of the General Statutes and section 117 of the Practice Book. This motion was granted by the court, Walsh, J., on December 23, 1992.
On January 15, 1993, the defendants, Rollar Homes, Inc. and George Rollar (hereinafter called "the defendants") filed a two count indemnification action against the third-party defendants, Diana Raffuse and Scott Onofrio. The first count of the third-party complaint alleges an indemnification cause of action against the third-party defendant, Diana Raffuse, and the second count alleges an indemnification cause of action against the third-party defendant, Scott Onofrio. Both the first and second counts of the third-party complaint are based upon the theory or active/passive negligence. CT Page 4510
On February 11, 1993, the third-party defendant, Diana Raffuse, filed a motion to strike the first count of the third-party complaint. The third-party defendant, Diana Raffuse (hereafter "third-party defendant"), who is the mother of the two deceased children, moves to strike the indemnification action brought against her on the ground that she is immune from the indemnification action by the parental immunity doctrine.
On March 4, 1993, the defendants filed a memorandum in opposition to the third-party defendant's motion to strike the first count of the third-party complaint. The defendants argue that the parental immunity doctrine does not bar the indemnification action because the defendants have alleged an independent legal relationship in which a duty arises between the defendants and third-party defendant.
The purpose of a motion to strike is to challenge the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling on a motion to strike, the trial court is limited to the facts alleged in the pleadings and the grounds specified in the motion. Maloney v. Conroy, 208 Conn. 392, 394, 545 A.2d 1059 (1988); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions. . .stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985). The allegations in the pleadings are construed in the light most favorable to the nonmoving party. Gordon v. Bridgeport Housing Authority, supra, 170. Thus, if the facts provable under the allegations of a pleading would support a cause of action, the motion to strike must fail. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218-19, 520 A.2d 217
(1987).
In the motion to strike, the third-party defendant claims that she is immune from an action by the plaintiff's deceased children for negligent parental supervision pursuant to the parental immunity doctrine and therefore she is immune from the subject third-party indemnification action.
In the memorandum in opposition to the motion to strike, the defendants argue that the parental immunity doctrine does not apply to this case because there is no action by an unemancipated minor against his or her parents. Instead, the action is brought by the defendants, the owner and manager of the trailer park, CT Page 4511 against the third-party defendant, the mother of the children. Since the defendants have alleged an independent legal relationship between the third-party defendant and the defendants, the defendants argue that the parent child relationship between the plaintiff's deceased children and the third-party defendant mother does not bar the indemnification action pursuant to the decision in Ferryman v. Groton, 212 Conn. 138, 561 A.2d 432
(1989). In addition, the defendants argue that the public policy basis for the parental immunity doctrine to maintain family unity and harmony between the children and parents is not applicable to this case because the minors are now deceased as a result of the alleged negligence.
"The parental immunity doctrine bars an unemancipated minor from suing his or her parent for injuries caused by the negligence of that parent." Dubay v. Irish, 207 Conn. 518, 523,542 A.2d 711 (1988). Parental immunity was first adopted in 1929 by the court's decision in Mesite v. Kirchenstein, 109 Conn. 77,145 A. 753 (1929). In Mesite v. Kirchenstein, the court explained the policy behind the parental immunity doctrine:
 The peace of society, and sound public policy, designed to subserve the repose of families and the best interest of society, forbid the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent. The State and society are vitally interested in the integrity and unity of the family and the preservation of the family relation. The obligation of the father, or it may be the mother, to care for, guide, control and educate their child, and the reciprocal obligation of the child to serve and obey the parent, are essentials of the family relationship. Authority in the parent to require obedience in the child is indispensable to the maintenance of unity in the family. Anything which undermines this authority, brings discord into the family, weakens its government and disturbs its peace, is an injury to society and to the State. Few things could bring about this unhappy condition more quickly. . .than the bringing of an action at law for personal injuries by a minor child against the parent.
Mesite v. Kirchenstein, supra 84.
There is a split of authority as to whether a third-party CT Page 4512 can bring an action for contribution or indemnification against the parent of a minor plaintiff for negligent supervision. For example, the court in Finley v. Tortora, 5 Conn. L. Rptr. 56
(September 27, 1991, Ryan, J.) held that an indemnification action was not barred by the parental immunity doctrine. In Finley, the minor plaintiff was at a hardware store with his father when he stood on a forklift machine and had his leg crushed by the machine. Id., 57. The plaintiff's complaint alleged that his injuries were caused by the negligence of the forklift operator. Id. The forklift operator filed a third-party complaint against the plaintiff's father alleging that any damages that were caused to the plaintiff were the result of the father's failure to properly supervise the minor plaintiff. Id, The third-party defendant father filed a motion to strike the third-party complaint on the ground that the parental immunity doctrine bars imposition of liability on the father negligent supervision. Id. The court, Ryan, J., denied the motion to strike on the ground that it decided to follow Quest f. Joseph,392 So.2d 256 (Fla.Dist.Ct.App. 1980), which held that an action for indemnification against a parent of an injured minor plaintiff can be maintained notwithstanding the child's inability to sue the parent directly, even where parental liability is based upon negligent supervision. Id., 58; see Quest v. Joseph,392 So.2d 256 (Fla.Dist.Ct.App. 1980); see also Immick v. Sears, Roebuck Co., 5 Conn. L. Rptr. 469 (January 22, 1992, Fuller, J.) (parental immunity does not bar store owner's counterclaim for indemnification against the parent for negligent supervision).
However, other courts have held that the parental immunity doctrine does bar a third-party claim against the parents of an injured child for indemnification based on negligent supervision. In White v. Men-Boz, Inc., 4 CSCR 623 (July 21, 1989, Schaller, J.), the plaintiff brought an action against the defendant individually and on behalf of her minor daughter alleging negligence. The defendant counterclaimed against the plaintiff parent alleging negligent supervision. Id. The court, Schaller, J., granted a motion to strike the defendant's counterclaim on the ground that it was barred by the doctrine of parental immunity. Id. The court relied on cases from other states which held that where a parent cannot be sued by his child in a direct action pursuant to the parental immunity doctrine, the parent cannot be subject to a third-party's claim. Id., see Firtz v. Anderson, 148 N.J. Super. 68 (1977); Middleton v. Nichols,452 N.Y.S.2d 157 (1982). CT Page 4513
The defendants' argument in their memorandum in opposition to the motion to strike the parental immunity is not a bar to a claim against the third-party defendant based upon the decision of Ferryman v. Groton is flawed. The defendants argue that because they have alleged an independent legal relationship between themselves and the third-party defendant, the child-parent relationship between the plaintiff's deceased children and the third-party defendant mother does not bar the indemnification action. This argument would have merit if the defendants' had in fact alleged an independent legal relationship from which a legal duty arose. "[I]n order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed [the indemnitee] a duty based on an independent legal relationship. " Atkinson v. Berloni, 23 Conn. App. 325,328, 580 A.2d 84 (1990). In Atkinson, the court upheld the granting of a motion to strike because it could not discern from the complaint a preexisting relationship between the third-party plaintiff and the third-party defendant, nor an independent duty owed by the third-party defendant to the third-party plaintiff, other than the general duty of an individual to behave as a reasonable person. Id., 329. For example, in Ferryman v. Groton, the Supreme Court found that the requisite independent duty arose from the parties' joint ownership of the property on which the plaintiff was injured, and the third-party defendants' duty to control access to the property. See also Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539,544, 107 A.2d 406 (1954) (the court found a legal duty stemming from a lease contract for a motor vehicle between the third-party plaintiff's insured and the employer of the original, injured plaintiff).
The defendants have alleged an independent legal relationship between the third-party defendant and the defendants; however, the defendants have failed to allege any facts which would indicate that the third-party defendant owed an independent legal duty to the defendants based on their legal relationship. The defendants allege that the third-party defendant lived in Evergreen Trailer Park with her children under a lease agreement with the defendants for which she paid monthly rent to the defendants and that the third-party defendant mother exercised complete authority and control over her lot and her children. (Third-party Complaint dated December 28, 1992, First Count, paras. 7-10). Such a lease agreement would suggest an independent legal relationship between the parties; however, the CT Page 4514 defendants have failed to allege facts which would indicate how the third-party defendant mother, as lessee of the property, would owe an independent legal duty to the defendants, who are the lessors of the property. The only duty which the court may imply from the facts as alleged in the defendants' complaint, is the duty of the third-party defendant mother to behave as a reasonable mother. According to the court's decision in Atkinson the general duty of an individual to behave as a reasonable person is not sufficient. Id., 329. Furthermore, such a duty was owed to the deceased children, not to the defendant Trailer Park owners. As a result, the facts in this case are distinguishable from the facts in Ferryman v. Groton, and therefore the defendants' analogy to Ferryman v. Groton is flawed.
For the forgoing reasons, the third-party defendant's motion to strike is granted on the ground that where a parent cannot be sued by his or her child in a direct action pursuant to the parental immunity doctrine, the parent cannot be subject to a third-party's claim for indemnification.
It is so ordered.
HIGGINS, J.