[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 15, 1991, the plaintiff, Suzette Franklin, in her capacity as Administratrix of the Estate of Sarah Jacques, filed a complaint seeking damages arising out of the death of her infant daughter, Sarah Jacques.
The plaintiff alleges that on or before June 3, 1989, she, along with her seventeen month old son Walterson and her newborn twin infant daughters, Sarah and Stephanie, resided at the St. Luke's Shelter, a homeless shelter operated by St. Luke's Community Services, Inc. (defendant). The plaintiff alleges that on June 3, 1989, she fed and placed her infant daughters on a single bed, where they fell asleep. The plaintiff alleges that soon thereafter, her son woke up and she took him to the downstairs kitchen of the shelter to get a bottle of milk and sterilize other bottles. The plaintiff alleges that while downstairs, and unbeknownst to her, "two unsupervised children, ages four and five who were shelter residents, opened the closed door" and entered her room whereupon the plaintiff alleges that "the two intruding children lifted both babies from the makeshift sleeping place that their mother had fashioned for them" and that the two intruding children "picked up Sarah by her leg and proceeded to hurl her to the floor on one or more occasions and to bite her body." According to the plaintiff, her infant daughter Sarah died as a result of the extensive injuries that she sustained.
Based on the foregoing, the plaintiff alleges negligence against the defendant in that the defendant, inter alia, 1) failed to exercise reasonable care in providing cribs to those families in need of them; 2) failed to provide reasonably safe accommodations; 3) failed to provide day care or supervisory services when the defendant knew or should have known that the large number of unsupervised children residing at the shelter created a risk of injury to resident infants and, 4) assigned to the plaintiff and her family a room without cribs and only two single beds, which condition prompted the plaintiff to create a "barrier," i.e., enclosing her daughters by arranging three pillows and a chair around one of the beds.
On July 15, 1991, the defendant filed an answer, three special defenses and a counterclaim. The defendant's special defenses allege that 1) the plaintiff is not the duly qualified Administratrix of the Estate of Sarah Jacques and therefore lacks standing to bring this action; 2) the injuries sustained by Sarah Jacques were caused by the negligent or wilful actions of third CT Page 3062 parties over whom the defendant had no control, and; 3) the injuries sustained by Sarah Jacques were, in fact, caused by the plaintiff over whom the defendant had no control. The defendant's counterclaim alleges that the plaintiff's negligence in failing to lock her door or attend to her children caused the incident in question.[1]
On November 11, 1994, the defendant filed a motion to join the plaintiff as party defendant, pursuant to General Statutes § 52-102
and Practice Book § 103, "or in the alternative," to implead the plaintiff as third party defendant, pursuant to General Statutes § 52-102A and Practice Book § 117. The defendant has filed a memorandum of law in support of its motion. The plaintiff has filed a memorandum of law in opposition to the defendant's motion. In response to the plaintiff's opposition memorandum, the defendant has filed a reply memorandum.
I Motion to Cite In
General Statutes § 52-102 provides:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.[2]
"Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial court." A. Secondino Sons, Inc. v. LoRicco, 19 Conn. App. 8, 14,561 A.2d 142 (1989).
In its supporting memorandum, the defendant argues that for fault to be apportioned among all responsible parties, the plaintiff must be made a party to this action in her individual capacity because of her own negligence in failing to lock her room, in leaving her infants unattended, and in her generally CT Page 3063 negligent supervision and protection of her children. The defendant postulates that citing in the plaintiff is not barred by the parental immunity doctrine, but is in fact required "in order to abide by the spirit and letter of General Statutes §52-572h."[3] The defendant postulates that any other interpretation of General Statutes § 52-572h would place a disproportionate share of liability upon the defendant and would "frustrate the clear intent and policy" behind that section. The defendant relies upon two cases: Green v. Mancusi, 9 CSCR 117
(January 18, 1994), previously decided by this court, and Finleyv. Tortora, 3 Conn. L. Rptr. 214 (February 6, 1991, Lewis, J.), (along with two other decisions arising out of the same facts asFinley), in support of its position.
The plaintiff counters in her opposition memorandum that as parent of her deceased intestate, she is immune from liability. Therefore, the plaintiff maintains that General Statutes § 52-102, when read together with § 52-572h, prohibits the defendant from citing her into this action.
Additionally, the plaintiff argues that the defendant's motion is barred by the operation of General Statutes § 52-555.
In Ortiz v. Winston Douglas, 9 Conn. L. Rptr. 62 (April 13, 1992, Hennessey, J.) the minor plaintiff, Marilyn Ortiz, through her mother, Maria Colon, and Maria Colon individually, filed a two count complaint seeking damages arising out of the minor plaintiff's fall from a porch. Thereafter, the named defendants filed a "Motion for Order to Join Defendant, or in the Alternative to Implead" Angel Ortiz, the minor plaintiff's father, pursuant to General Statutes § 52-102 and § 52-572h and Practice Book § 117. With regard to the motion to cite in, the court in Ortiz stated:
 Angel Ortiz would be a necessary party to the action for purposes of apportioning liability for damages under General Statutes § 52-572h and thus falls within the purview of General Statutes § 52-102(2), which provides that a person "shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein." However, General Statutes § 52-102(2) also contains a caveat providing that "no person who is immune from liability shall be made a defendant in the CT Page 3064 controversy." In the proposed pleadings submitted by the defendants, the defendants allege that Angel Ortiz is the minor plaintiff's father and that the minor plaintiff's injuries were caused by Angel Ortiz's negligent supervision and/or his reckless failure to supervise. In Connecticut the parental immunity doctrine has not been abrogated in cases of negligent supervision. See Dubay v. Irish, 207 Conn. 518, 525-27, 542 A.2d 711 (1988).
Id., 64. The court then held that "Angel Ortiz, as the father of Marilyn Ortiz, would be immune from liability. Accordingly, the motion to cite in Angel Ortiz as an additional defendant pursuant to General Statutes § 52-102 is denied." Id.
Other courts have similarly held that parents not already a party to an action cannot be joined as a defendant pursuant to General Statutes § 52-102. See, e.g., Haims v. Omni FitnessEquipment Specialists, 8 CSCR 268 (March 15, 1993, Fuller, J.) (since §§ 52-102 and 52-572h were amended by the same Public Act, they must be construed together and the child's mother, a nonparty, cannot be joined as a defendant); Waddicor v. Bozrah Light andPower Company, 9 Conn. L. Rptr. 190 (June 28, 1993, Teller, J.) ("Despite widespread erosion, the doctrine of parental immunity has not been abrogated in Connecticut in cases of negligent supervision."); But see, Ficarra v. Southern Connecticut Gas Co., Superior Court, Judicial District of Fairfield at Bridgeport, No. 289172 (Aug. 21, 1992, Katz, J.) (court found that parent's conduct went beyond negligence and therefore the doctrine of parental immunity was not a bar to the action.).
In this action, the court (Rush, J.) previously ruled that the plaintiff, as administratrix of the estate of her decedent, is not a party to this litigation. See Franklin v. St. Luke's CommunityServices. Inc., 6 Conn. L. Rptr. 198 (March 20, 1992). Therefore, since this state has not abrogated the doctrine of parental immunity in cases of negligent supervision; Dubay v. Irish,207 Conn. 518, 527, 542 A.2d 711 (1988); and since parents who are nonparties and are immune from liability cannot be joined as a defendant pursuant to General Statutes § 52-102; See Ortiz v.Winston Douglas, supra; the defendant's motion to join the plaintiff as party defendant pursuant to General Statutes § 52-102
is denied. CT Page 3065
Moreover, the cases cited by the defendant are unpersuasive when the procedural posture of the parties in those cases is compared to the posture of the parties in the present action. InGreen v. Mancusi, supra, the court further found that both parents were already parties to the action and their negligence would be considered by the trier when apportioning liability pursuant to General Statutes § 52-572h.
In the numerous decisions cited by the defendant arising out of the facts of the case captioned Finley v. Tortora, the court either: 1) reserved judgment on the issue; see Finley v. Tortora,3 Conn. L. Rptr. 214 (February 6, 1991, Lewis, J.) (defers decision on the issue of whether the parental immunity doctrine bars a claim for indemnification pursuant to General Statutes § 52-102a); 2) ruled that the plaintiffs had no standing; seeFinley v. Tortora, 4 Conn. L. Rptr. 402 (August 14, 1991, Riddle, J.) (since a lack of standing was dispositive of the plaintiff's motion to strike a third party complaint seeking indemnification, no analysis was provided with regard to the applicability of the doctrine of parental immunity); or 3) analyzed the issue in the context of a motion to strike a third party complaint alleging indemnification or contribution on the ground of legal insufficiency. See Finley v. Tortora, 5 Conn. L. Rptr. 56
(September 27, 1991, Ryan, J.). Therefore, these cases are unpersuasive when compared to the facts of the present case and the defendant's motion to cite is denied.
II Motion to Implead
General Statutes § 52-102a provides:
 (a) A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.[4]
CT Page 3066
"An impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the statute." Commissioner v. Lake Phipps Land Owners Corp.,3 Conn. App. 100, 102, 485 A.2d 580 (1985). Section 52-102a does not provide a defendant with a statutory right to implead a third party, but "commits the decision of such motions to the sound discretion of the trial court." Cupina v. Bernklau, 17 Conn. App. 159,164, 551 A.2d 37 (1988).
In its supporting memorandum, the defendant argues that it may implead the plaintiff "in order to allow apportionment of fault to assure" that it will not be held liable for more than "its proportionate share of plaintiff's damages." The defendant relies upon Bushie v. Putzig, 10 Conn. L. Rptr. 228 (October 12, 1993, Mottolese, J.) and Finley v. Tortora, 5 Conn. L. Rptr. 56
(September 27, 1991, Ryan, J.) as authority for its position.
The plaintiff counters in her opposition memorandum that the defendant's motion to implead should be denied on the following grounds: 1) the claims set forth in the defendant's third party complaint are barred by the doctrine of parental immunity; 2) the defendant has no claim against the plaintiff individually; 3) the defendant's allegations as set forth in its third party complaint are legally insufficient as a matter of law; and 4) granting the defendant's motion would unduly delay the trial in this action.
Where a party chooses to avail itself of the operation of General Statutes § 52-102a, there must be a showing, under applicable law, that the nonmovants "may be liable" to the movant.Senior v. Hope, 156 Conn. 92, 96, 239 A.2d 486 (1968).
A perusal of the defendant's third party complaint indicates that the defendant alleges active/passive negligence and claims "[c]ontribution and indemnification for any judgment that may be rendered against it in favor of the plaintiff" and "[a]pportionment of liability pursuant to General Statutes § 52-572h."
As previously discussed, the plaintiff may not be cited in pursuant to § 52-102 because she is immune from liability as the parent of her decedent. "The defendant cannot circumvent the provisions of General Statutes § 52-102 by instead seeking to implead . . . [the plaintiff] under General Statutes § 52-102a." Ortizv. Winston Douglas, supra, 65. CT Page 3067
Furthermore, "[t]he right of contribution does not attach until a final judgment has been rendered." Waddicor v. BozrahLight and Power Company, supra, 191. Since a final judgment against the defendant has not entered, the defendant's claim for contribution as set forth in its prayer for relief is premature and therefore legally insufficient.
It is also found the defendant has failed to allege facts which would indicate that the plaintiff owed an independent legal duty to the defendant based upon a legal relationship, a required element of an action seeking indemnification.
Ordinarily, no right of indemnity exists between joint tortfeasors unless it is found that the primarily liable tortfeasor owed an independent legal duty to the secondarily liable tortfeasor. Atkinson v. Berloni, 23 Conn. App. 325, 326,580 A.2d 432 (1989). The following elements must be proved in order to successfully plead active/passive negligence:
 (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence. (Citation omitted.)
Id., 326-27. In addition, "in order to be entitled to indemnification from a tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based upon an independent legal relationship. Id., 328. Without allegations that would support an independent legal relationship between the parties, the only duty that the court could imply from the facts as alleged in the defendant's third party complaint is the duty of the plaintiff to behave as a reasonable mother. Raffuse v. Rollar Homes, 8 CSCR 623, 624 (June 21, 1993, Higgins, J.). However, where a claim for indemnification is predicated upon an independent legal relationship between a third party defendant mother and an original defendant, a general duty to behave as a reasonable person is not sufficient. Id. If any such duty was owed, it was owed to the plaintiff's decedent, and not to the defendant shelter. Therefore, the defendant's claim for indemnification as set forth in both its third party complaint and its prayer for relief is legally insufficient. CT Page 3068
Finally, the cases cited by the defendant in support of its motion to implead are inapplicable when compared to the present motion before the court.
Bushie v. Putzig, supra, involved a multiple motor vehicle accident without any claim of immunity on behalf of any party, andFinley v. Tortora, 5 Conn. L. Rptr. 56 (September 27, 1991, Ryan, J.) involved the issue of whether a parent who has already beenimpleaded and relies upon the parental immunity doctrine can strike a third party complaint that alleges negligent supervision. Therefore, the foregoing cases were not considered by the court in deciding the present motion to implead. Based upon the law previously discussed with regard to apportionment, contribution and indemnification, the defendant's motion to implead the plaintiff should be denied.
KARAZIN, J.