[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 2, 1996
On October 12, 1995, the plaintiffs, Stephen and Sandra Schweighoffer, filed an amended four-count complaint against Alfred Pesavento, Masback, Inc., and Galaxy Chemical Corporation. The complaint, a products liability claim brought pursuant to General Statutes §§ 52-572m through 52-572v, alleges the following facts. Galaxy manufactured and sold a product marketed as Galaxy Heavy Duty Liquid Drain and Sewer Opener ("the product"). Galaxy sold or distributed this product to Masback, Inc., who then sold or distributed it to Pesavento, whose CT Page 1365-SSSSS business sold the product on September 20, 1993.
On September 21, 1993, Mr. Schweighoffer was using the product to clear a drain when it erupted upward onto his face and body causing him to sustain multiple injuries. Counts one and two, brought on behalf of Mr. Schweighoffer, allege that the defendants negligently failed to warn of the dangers of the product and that they acted with reckless disregard toward the user's safety. Counts three and four, brought on behalf of Mrs. Schweighoffer, allege a loss of consortium under the theories of negligence and reckless disregard.
On September 12, 1994, the town of Fairfield moved to intervene and the court granted the motion. On September 22, 1995, Fairfield filed an amended intervening complaint alleging that on the date of the alleged incident, Mr. Schweighoffer was employed by the town of Fairfield. Additionally, the complaint alleges that in accordance with the Workers' Compensation Act, Fairfield has expended money for the plaintiffs medical care and compensation. Therefore, pursuant to the Workers' Compensation Act, Fairfield asks that any damages recovered by Mr. Schweighoffer be apportioned and that Fairfield be reimbursed for their expenditures.
On August 11, 1995, Pesavento filed a two-count counterclaim against Fairfield seeking indemnification in the first count and apportionment in the second count. The counterclaim alleges the following facts. Any injuries sustained by the plaintiffs were proximately caused by Fairfield's negligent failure to warn and instruct, to properly supervise and to supply protective eye-wear and clothing. Additionally, Fairfield had exclusive control over the product and the area in which it was used. Furthermore, Pesavento did not know of Fairfield's negligence, had no reason to anticipate it and relied on Fairfield to act otherwise. Finally, a legal relationship existed between Pesavento and Fairfield based on Fairfield's purchase of the subject drain cleaner and past business dealings.
On August 29, 1995, Fairfield filed a motion to strike the first count of Pesavento's counterclaim and a memorandum of law in support of the motion. Pesavento filed an objection to the motion and memorandum of law in opposition dated October 6, 1995.
One of the "purpose[s] of a motion to strike is to contest . . . the legal sufficiency of the allegations of any CT Page 1365-TTTTT complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [pleader]." (Internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 75
(1992). "A motion to strike . . . may properly be used to challenge the sufficiency of a counterclaim. Practice Book § 152." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985). Finally, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,224 Conn. 215.
Fairfield contends that the indemnification claim is legally insufficient because General Statute § 31-284 (a) provides the exclusive remedy for a workers' compensation claim. Pesavento argues that the indemnification claim falls within a recognized exception to § 31-284 (a).
"[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest . . ."Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357
(1988). "Ordinarily there is no right of indemnity or contribution between joint tortfeasors . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury." (Citations omitted; internal quotation marks omitted.) Ferryman v. Groton,212 Conn. 138, 142-43, 561 A.2d 432 (1989). This basis for indemnification is referred to as the active/passive negligence doctrine. Id.,
143.
The exclusive remedy clause of the Workers' Compensation Act provides that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment." General Statute § 31-284 (a). "When the third party, in a suit by the employee, seeks recovery over and against a contributorily negligent employer, contribution or indemnification is ordinarily denied on the ground that the CT Page 1365-UUUUU employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party . . . recovery in the form of indemnity may be allowed." Ferryman v. Groton, supra,212 Conn. 144-45.
The court in Ferryman concluded that "[s]ince the allegations of the third-party complaint were facially sufficient to establish an independent relationship between [the employer and the third party], a relationship that goes beyond the active/passive negligence relationship . . . the trial court erred in striking the third-party complaint." Id., 146.
In this case, Fairfield's specific argument is that Pesavento failed to allege sufficient facts to demonstrate the existence of the legal relationship between Fairfield and Pesavento.
The Appellate Court has held that "[i]mplict in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni, 23 Conn. App. 325,327, 580 A.2d 84 (1990). The superior courts have interpreted this special duty to be "a duty to the third party by the employer to reimburse that third party where injuries are caused to an employee and the employee sues the third party." Bresmethv. Connecticut Light Power Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 526545 (August 11, 1995) (Corradino, J.). Accordingly, courts have held that the existence of an independent legal relationship is not sufficient to support a claim for indemnity unless that relationship gives rise to a duty to indemnify. See Id.; Domenicov. Agranovitch, Superior Court, judicial district of New London at Norwich, Docket No. 101819 (March 9, 1994) (Hendel, J.);Raffuse v. Rollar Homes, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 65051 (May 7, 1993) (Higgins, J., 8 CSCR 623).
"The law does not independently impose a quasi-contractual duty upon a buyer to indemnify a manufacturer[-seller] for injuries sustained by the buyer's employees in the use of a defective product." Therrien v. Safeguard Manufacturing Co.,180 Conn. 91, 95, 429 A.2d 808 (1980). Moreover, the Superior Court has held that the vendor/vendee relationship is insufficient to support an indemnity claim. Hajjar v. Frederick L. Bultman, Inc.,
CT Page 1365-VVVVV Superior Court, judicial district of Danbury at Danbury, Docket No. 316244, 13 CONN. L. RPTR. 434 (February 9, 1995) (Leheny, J.).
In the present case, Pesavento contends that there was an independent legal relationship between himself and Fairfield based on Fairfield's purchase of the product and past business dealings. These allegations are not sufficient to support the existence of a duty to indemnify. See Therrien v. SafeguardManufacturing Co., supra, 180 Conn. 91 and Hajjar v. Frederick L.Bultman, Inc., supra. The indemnity claim does not allege facts sufficient to overcome the exclusive remedy doctrine of the Workers' Compensation Act. Accordingly, the motion to strike count one of the counterclaim is granted.
The intervening plaintiff not having offered argument to strike the other issue raised in the counterclaim, namely, apportionment, the court makes no ruling concerning the counterclaim of apportionment.
HAUSER, J. CT Page 1365-WWWWW