[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT CITIZENS UTILITIES COMPANY AMENDED MOTION TO STRIKE (#113) AND MOTION TO STRIKE (#106)
The plaintiff, Carl S. Feen ("Feen"), has brought this law suit sounding in contract and tort against defendants Benefit Plan Administrators ("BPA") and Citizens Utilities Company "Citizens"). Feen's complaint against Citizens and BPA grows out of a series of events wherein Feen allegedly approached Citizens to assist them in finding less expensive insurance providers. Feen claims that, through his efforts, Citizens contracted with BPA for insurance services. The agreement between Citizens and BPA provided for commissions to be paid to Feen. Subsequently, Citizens and BPA terminated the initial agreement and entered into a new agreement that did not provide for payments to Feen. It is this change of agreements between Citizens and BPA that Feen asserts is actionable and resulted in damages to him.
Citizens has filed two motions to strike. The Amended Motion to Strike (#113) seeks to have those counts of Feen's complaint CT Page 153 directed at Citizens stricken. This motion attacks the legal sufficiency of the fourth, fifth, sixth, seventh, eighth and ninth counts insofar as they are directed at Citizens. In addition, Citizens has filed a Motion to Strike (#106) as to the cross claim filed against it by BPA.
For the reasons set forth below, the Motion to Strike (#113) is denied as to the fourth, fifth, sixth, seventh and eighth counts and granted as to the ninth count. The motion to strike (#106) directed at the cross claim is granted.
Discussion
I. Motion to Strike — In General
The purpose of a motion to strike is to test the legal sufficiency of a pleading. RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384 (1994). The court is limited to the facts alleged in the complaint; a "speaking" motion to strike will not be granted. Doe v. Marselle, 38 Conn. App. 360, 364, cert. granted, 235 Conn. 915 (1995); Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86 (1982). Where the legal grounds for a motion to strike are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied.Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
For the purpose of a motion to strike, the moving party admits all facts well pleaded. RK Constructors, Inc. v. FuscoCorp. , supra, 231 Conn. 383 n. 2; see also, Ferryman v. Groton,212 Conn. 138, 142 (1989). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. Novametrix Medal Systems, Inc.v. BOC Group, 224 Conn. 210, 214 (1992). The court must construe the facts in the complaint most favorably to the plaintiff. Id. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Id.
Our Supreme Court "will not uphold the granting of a motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp. , 203 Conn. 34, 44
(1987). If a motion to strike attacks the entire pleading, it will fail if any part of the pleading is legally sufficient.Grier v. West Haven Police Department, 40 Conn. Sup. 221, 222
(Super.Ct. 1984), aff'd, 8 Conn. App. 142 (1986), citing Doyle v.CT Page154 A P Realty Corp. , 36 Conn. Sup. 126, 127 (Super.Ct. 1980).
II. Amended Motion To Strike (#113)
This motion asserts that the fourth, fifth, sixth, seventh, eighth and ninth counts of Feen's complaint and the corresponding claim for damages and other relief are legally insufficient and should be stricken.
 A. Fourth Count (Breach of implied contract against Citizens)
Citizens moves to strike the fourth count of Feen's complaint on the ground that it fails to allege facts necessary to establish the existence of an implied contract. In count four, Feen alleges an agreement between Citizens and himself. In particular, Feen asserts: "It was understood and agreed by Feen and Citizens that, if Citizens decided to place programs with the vendors Feen recommended, Feen would be paid commissions or service fees arising out of the funding and placing of the programs."
The fourth count does not clearly allege whether the contract involved is implied or express. "If the contract is shown by the direct words of the parties, spoken or written, the contract is said to be an express one. But if such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one." Boland v. Catalano,202 Conn. 333, (1987); see also Coelho v. Posi-Seal International,Inc. 208 Conn. 106, 112 (1988) (holding that an implied contract involves agreement by words or conduct to undertake some contractual commitment). Whether a contract is styled "express" or "implied" involves no difference in legal effect, but lies merely in the mode of manifesting assent. Liljedahl Bros., Inc.v. Grigsby, supra, 215 Conn. 349.
Whether a contractual commitment has been undertaken is ultimately a question of the intention of the parties. OttoContracting Co. v. S. Schinella Sons, Inc., 179 Conn. 704, 709
(1980). "Whether and on what terms a contractual commitment has been undertaken are ultimately questions of fact for the trier of facts." Sivilla v. Philips Medical Systems of North America,Inc., 46 Conn. App. 699, 708 (1997).
Feen asserts that the contractual relationship he had with CT Page 155 Citizens was express, implied and implied in law. Feen further claims that arising out of the contractual relationship was an implied duty of good faith and fair dealing. See Home Inc. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 200-01 (1995) (every contract imposes a duty of good faith and fair dealing); see alsoHabetz v. Condon, 224 Conn. 231, 238 (1992) (covenant of good faith and fair dealing requires that "neither party do anything that will injure the right of the other to receive the benefits of the agreement".) The gravamen of the fourth count is that Citizens breached an implied duty of good faith toward Feen by terminating the contract for insurance services it had with BPA that provided for commissions to Feen and then entering into a new contract with BPA that did not provide for such commissions.
When construed in the light most favorable to Feen, the fourth count does allege facts sufficient to establish the existence of an implied contract. This ground does not provide a basis to strike the fourth count.
The other grounds advanced by Citizens are also not persuasive. Citizens' claim that it may change its insurance broker at any time is based on law outside of Connecticut. No Connecticut case law establishes this right. Moreover, even if such a right does exist, it is doubtful that it would authorize actions taken in bad faith. See Zianiewski v. Manciane,37 Conn. Sup. 698, 702(1a) (broker may be entitled to a commission where court feels there has been a "sham" transaction).
Citizens also argues that, to be actionable, any agreement between Citizens and Feen had to be in writing based on General Statutes § 38a-707(a). This statute mandates that any right of compensation by an insurance producer be based upon a written memorandum. Feen objects to this statute of frauds claim on a number of grounds. The court need not resolve these competing claims of the parties because the motion to strike does not state this deficiency as a ground for the motion. In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion. Meredith v. Police Commission,182 Conn. 138, 140 (1980). Feen has objected to Citizens' assertion of the statute if frauds as a ground for the motion to strike on the basis that such claim was not mentioned in the motion. See Plaintiff's Memorandum in Opposition to Amended Motion to Strike, p. 10. Feen's objection renders inapplicable those cases that have considered the defendant's motion on the form presented due to the plaintiff's failure to object. See Bouchard v. People'sCT Page 156Bank, 219 Conn. 465, 468n. 4 (1991); Morris v. Hartford CourantCo., 200 Conn. 676, 683 n. 5 (1986). In light of the failure to specify the statute of frauds ground in the motion to strike, coupled with Feen's objection to consideration of such ground, the court will not determine the statute of frauds issue.
Citizens also asserts that because Feen had an express contract with BPA, no implied contract could exist between Feen and Citizens. Citizens cites Freda v. Smith, 142 Conn. 126, 134
(1955) for the proposition that "a true implied contract exists only in the absence of an express contract." This language fromFreda means only that two parties may not simultaneously have an express and implied agreement with one another. Feens contract with BPA, however, does not prevent an implied contract between Feen and Citizens.
For the reasons set forth above, the motion to strike the fourth count is denied.
 B. Fifth Count (Unjust enrichment against Citizens)
Citizens moves to strike the fifth count of Feen's complaint on the ground that Feen fails to plead the elements of unjust enrichment. Feen alleges in his complaint in his complaint that when Citizens accepted Feen's services, it knew or should have known that Feen expected to receive payment. Feen further alleges that Citizens continues to benefit from the services provided, and that Citizens has been unjustly enriched at Feen's expense.
Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted [benefited], (2) that the defendants unjustly did not pay the plaintiffs for the benefit, and (3) that the failure of payment was to the plaintiff's detriment.Ayotte Bros. Construction Co. v. Finney, 42 Conn. App. 578,581 (1996). "Unjust enrichment results when it is contrary to equity and good conscience for the defendant to retain a benefit that has come to him at the expense of the plaintiff."Pokorny v. Getta's Garage, 219 Conn. 439, 462 (1991). Unjust enrichment is a quasi contract claim based on equitable principles. Brighenti v. New Britain Shirt Corp. ,167 Conn. 403, 407 (1974).
Applying the above legal principles, Feen has adequately pleaded the elements of an unjust enrichment claim. Feen alleges that (1) Citizens received the benefit of Feen's services, (2) that Citizens "knew, or should have known, that Feen expected to CT Page 157 be compensated"; and (3) that Citizens received and continues to receive the benefit of Feen's efforts "without paying the reasonable value thereof."
Accordingly, the motion to strike the fifth count is denied.
 C. Sixth Count (Intentional interference against Citizens)
Citizens moves to strike the sixth count of Feen's complaint on the ground that Citizens had the right as a matter of law to terminate its agreement with BPA and to terminate Feen as its broker. In his complaint, Feen alleges that Citizens knew or should have known about the agreement between Feen and BPA by which Feen received commissions. Feen further alleges that Citizens, by instructing BPA to stop paying Feen and by revoking its designation of Feen as its broker, intentionally induced BPA to breach its contract with Feen for the purpose of depriving Feen of fees and commissions. Feen alleges that he suffered economic damages by the loss of income from the agreement with BPA that was terminated.
"One who intentionally and improperly interferes with the performance of a contract . . . between another and a third party by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract." Selby v. Pelletier,1 Conn. App. 320, 322 (1984), quoting the 4 Restatement (Second) of Torts § 766. The elements of tortious interference are (1) the existence of a contractual relationship, (2) the defendant's knowledge of that relationship, (3) the intent to interfere with it, and (4) the consequent actual loss suffered by the plaintiff.Hart, Nininger Campbell Associates, Inc. v. Rogers,16 Conn. App. 619, 629 (1985). Where there is a privilege to cause another not to perform, such privilege prevents the activity from being considered tortious. Kecko Piping Co. v. Monroe, 172 Conn. 197,202 (1977). Moreover, if a party acts within its own rights and without intentionally or wrongfully causing injuries, no tortious interference with contract has occurred, but if a party intentionally procured a breach with knowledge of the contract and without just cause, the party will be liable. R and W. HatShop, Inc. v. Sculley, 98 Conn. 1, 12-16 (1922).
In the sixth count, Feen has sufficiently alleged a claim of tortious interference with contract. Feen alleges that there was CT Page 158 a contract between Feen and BPA, that Citizens knew of the contract, that Citizens intended to and did tell BPA to stop paying Feen his commissions, and that Feen suffered economic loss. Even if, as Citizens claims, it was acting within its rights in terminating its contract with BPA and in terminating Feen as a broker, Feen alleges that Citizens induced BPA to terminate its contract with Feen. It is that alleged conduct that supports the claim of tortious interference.
Accordingly, the motion to strike the sixth count is denied.
 D. Seventh Count (Reckless or Intentional Conduct against Citizens)
Citizens moves to strike the seventh count of the complaint on the ground that Feen failed to plead a legal duty running from Citizens to Feen. In the seventh count, Feen alleges that Citizens acted maliciously and in bad faith by depriving Feen of his commissions and fees. Feen further alleges that Citizens acted with reckless indifference to Feen's rights or in intentional and wanton violation of those rights.
Resolution of the motion to strike the seventh count turns on whether Feen has adequately pleaded a contract between him and Citizens from which would flow an implied duty of good faith and fair dealing. Based upon the court's ruling with respect to the fourth count that a contract between Feen and Citizens has been adequately pleaded, the motion to strike the seventh count should be denied.
Accordingly, for the reasons set forth in connection with the motion to strike the fourth count, the motion to strike the seventh count is denied.
 E. Eighth Count (Colluding and aiding and abetting against Citizens)
Citizens moves to strike the eighth count on the grounds that Feen fails to plead that Citizens colluded with, aided and abetted BPA. Feen alleges that BPA and Citizens conspired and colluded in bad faith for the purpose of depriving Feen of the fees and commissions owed him.
"In law, collusion is a species of fraud . . . Thus, collusion may be defined as [a]n agreement between two or more CT Page 159 persons to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law." Black v. Goodwin, Loomisand Britton, Inc., 239 Conn. 144, 163 (1996). In Carney v.DeWees, 136 Conn. 256, 262 (1949), our Supreme Court followed the principle expressed in Restatement, 4 Torts § 876 that "for harm resulting to a third person from the tortious conduct of another, a person is liable if he . . . knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." The Restatement comment on this principle states "if the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the other's act." Slicerv. Quigley, 180 Conn. 252, 259 (1980); see also ConnecticutNational Bank v. Giacomi, 233 Conn. 304, (1995) (to the extent that § 876 of the Restatement provides for aider and abettor liability, an aggrieved party may have a tort cause of action).
Feen has alleged facts sufficient to show collusion because he alleges that BPA and Citizens agreed to deprive Feen of his right to collect commissions. Feen has also alleged a cause of action for aiding and abetting BPA because Feen alleges the Citizens knew of BPA's duty to pay and that it gave BPA substantial assistance in breaching that duty by "terminating its contract with BPA and entering into a new contract providing for the same services but excluding any reference to Feen and by terminating Feen's broker of record status."
Accordingly, the motion to strike the eighth count is denied.
 F. Count Nine (CUTPA against Citizens)
In the ninth count, Feen alleges that Citizens violated the Connecticut Unfair Trade Practices Act (CUTPA). Citizens moves to strike the ninth count of Feen's complaint on the ground that the service involved was merely incidental to Citizens' primary business activities. Feen alleges that the actions of Citizens were in the conduct of the trade and commerce of purchasing and contracting for employee health benefit plan administration services, insurance coverage, and other employee health benefit programs.
Cases decided by the United States District Court for the District of Connecticut have held that where the actions of the defendant are incidental to its primary business, it cannot be CT Page 160 liable under CUTPA. See Arawana Mills Co. v. United TechnologiesCorp. , 795 F. Sup. 1238, 1253 (D. Conn. 1992) (defendant's act of leasing property from the plaintiff is incidental to the conduct of its true business on the property, the repair and servicing of aircraft engines, held: CUTPA inapplicable); Brandewiede v. EmeryWorldwide, 890 F. Sup. 79, 81 (D. Conn. 1994) (defendant in business of overnight freight delivery, defendant's conduct of leasing the aircraft was incidental to its primary business, held: CUTPA inapplicable). Connecticut cases have adopted this analysis. See Barnes v. General Electric Co.,14 Conn. L. Rptr. 455 (August 28, 1995, Hennessey, J.); Abely Waste Oil v.Ravenswood Development, Superior Court, judicial district of New Haven, Docket No. 369487 (September 15, 1995, Hartmere, J.).
Feen's complaint relates to Citizens activities in connection with purchasing employee benefit and insurance plans. This activity is incidental to Citizens primary business activity in the utilities industry. CUTPA, therefore, is not applicable.
Accordingly the motion to strike the ninth count is granted.
III. Motion to Strike (#106)
BPA asserts a cross claim against Citizens seeking from Citizens contribution and indemnification if Feen obtains a judgment against BPA. Citizens moves to strike BPA's cross claim on the grounds that: 1) the parties had agreed to arbitrate; 2) because the contract lacks an indemnification clause, there can be no indemnification; and 3) Citizens cannot be held liable for contribution for BPA's damages under BPA's contract with Feen.[1]
With respect to arbitration, a motion to strike is not the proper device to raise the issue of whether the parties are bound to arbitrate. AIG Financial Products v. Total Concept, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 300111 (April 26, 1993, Lager, J.) (8 CSCR 523). Further, the assessment of the arbitration clause would involve an examination of the contract between Citizens and BPA, which is not a part of the pleadings. Such a "speaking motion to strike" is not allowed in Connecticut. Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345,348 (1990).
Notwithstanding the above, the motion to strike the cross claim should be granted on three other grounds. First, a party CT Page 161 may not seek contribution before judgment has been entered.Franklin v. St. Luke's Community Services, Inc., Superior Court judicial district of Stamford/Norwalk at Stamford, Docket No. 116791 (March 30, 1995, Krazin J., 14 Conn. L. Rptr. 29, 32);Colandro v. Allstate Ins. Co., Superior Court, judicial district of New Haven at New Haven (December 19, 1996, Zoarski, J.) Since no judgment has been entered against BPA, their claim for contribution is premature.
Second, counts one, two and three are based upon a contractual relationship between Feen and BPA and a tort claim directed against BPA alone for intentional conduct. If BPA is found liable to Feen based on these claims, BPA may not seek indemnification or contribution from Citizens. See Fidelity Casualty Ins. Co. v. Sears, Roebuck Co., 124 Conn. 227, 231-32
(1938) (if a party's obligation is primary and that of the defendant secondary only, the party cannot have contribution).
Third, count eight, which is based on collusion and conspiracy, does not give rise to liability for which BPA could claim contribution or indemnification. Tortfeasors who commit intentional torts are not liable for contribution or indemnification because they are held jointly and severally liable under Connecticut law.[2] Skuzinski v. Bouchard Fuels,Inc., 240 Conn. 694, 697 (1997); Preferred Accident Ins. v.Musante, Berman Steiberg, 133 Conn. 536, 541-45 (1947).
Finally, the ninth count of Feen's complaint alleges a CUTPA violation for which BPA may not seek indemnification or contribution. The commission of an unfair or deceptive trade practice also constitutes intentional conduct for which BPA may not seek indemnification or contribution.
Accordingly, the motion to strike the cross claim is granted.
 CONCLUSION
For the reasons set forth above, Citizens' motion to strike (#113) the fourth, fifth, sixth, seventh and eighth counts of Feen's complaint is denied; the motion to strike the ninth count is granted. The motion to strike (#106) the cross claim filed by BPA is granted.
So Ordered at New Haven, Connecticut this 12th day of January, 1999. CT Page 162
Robert J. Devlin, Jr., J.