[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 122
This is Florida Tile Industries, Inc.'s (Florida Tile) motion to strike (#122) Classic Roofing Co. Inc.'s (Classic) cross claim. A brief history of the case shows that on November 22, 1996, the plaintiff, the Country Club of Darien (Country Club) filed a second amended complaint against the defendants Classic, Harry L. Thomas, Inc. (Thomas), and Florida Tile. Country Club alleges that Classic contracted "to repair the roof of a pool house and replace all the tiles on the pool house roof" (See Second Amended Complaint, p. 2 ¶ 9). Country Club, further, alleges that "after Classic completed the repair work to the roof, the roof began to buckle, making the surface hazardous." (See Second Amended Complaint, p. 3 ¶ 19.) As a result of the leaking roof, Country Club alleges that it suffered monetary losses and property damage.
Pursuant to their contract, Classic sold "FL-12 Granite" tiles to Country Club. Classic purchased the tiles known as "FL-12 Granite" from Thomas. Florida Tile manufactured the "FL-12 Granite" tiles and sold them to Thomas. Country Club alleges that the "FL-12 Granite" tiles "were not suitable for exterior use to prevent leakage." (See Second Amended Complaint p. 5 ¶ 30.) As a result, Country Club asserts the following claims: (1) breach of express contract; (2) breach of implied contract; (3) breach of implied covenant of good faith and fair dealing; (4) misrepresentation; (5) breach of the warranty of workmanship; (6) negligence; (7) breach of the warranty of fitness; (8) breach of the warranty of merchantability; and (9) unfair trade practices.
In its answer to Country Club's second amended complaint, Classic asserts the following cross claims against Thomas and CT Page 25 Florida Tile: (1) breach of the warranty of fitness; (2) breach of the warranty of merchantability; (3) indemnification; and (4) contribution pursuant to General Statutes § 52-572h. Subsequently, Florida Tile filed this motion to strike each of Classic's cross claims.[1]
Practice Book § 10-39 provides in relevant part: "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any . . . cross claim . . . to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof" "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors. Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). The role of the trial court in ruling on a motion to strike is "to examine the [cross claim], construed in favor of the [third party plaintiff], to determine whether the [third party plaintiff has] stated a legally sufficient cause of action." Napoletano v. CIGNAHealthcare of Connecticut. Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___ 117 S.Ct. 1106,137 L.Ed.2d 308 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the [cross claim]." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996).
A. First Count
Florida Tile moves to strike the breach of warranty of fitness claim in the first count on the ground that Classic has failed to bring its claim under the Uniform Commercial Code (UCC). Florida Tile, also, moves to strike the breach of the warranty of fitness claim on the ground that Classic has no cause of action against it because Classic failed to purchase the "FL-12 Granite" tiles from Florida Tile and thus cannot seek relief under the UCC.
The motion to strike the breach of the warranty of fitness claim is granted because Classic failed to bring its claim pursuant to the UCC. General Statutes § 52-572n (c) provides in relevant part: "An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code." Here, Classic alleges a commercial loss from Florida Tile's alleged breach of the warranty of fitness.[2] Classic, however, failed to bring its claim under the UCC as required by § 52-572n. See Practice Book § 10-3;Real Estate Funding v. Nadeau, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 382539 (January CT Page 26 3, 1992, Freed, J.) ("The motion to strike is granted because the defendants have not pleaded the statute upon which they rely.") Accordingly, the court grants Florida Tile's motion to strike the first count of Classic's cross claim.[3]
B. Second Count
Florida Tile moves to strike the breach of warranty of merchantability claim in the second count of Classic's cross claim on the ground that Classic failed to bring its cross claim under the UCC. Furthermore, Florida Tile moves to strike the second count on the ground that Classic has no cause of action against it because Classic failed to purchase the "FL-12 Granite" tiles from Florida Tile and thus cannot seek relief under the UCC.
Here, as discussed above, Classic failed to bring its claim of a breach of warranty of merchantability pursuant to the UCC. Accordingly, the court grants Florida Tile's motion to strike Classic's claim for breach of warranty of merchantability because Classic has not alleged the statute that it relies upon for its cross claim. See Practice Book § 10-3; Real Estate Funding v.Nadeau, supra, Superior Court, Docket No. 382539.[4]
C. Third Count
Florida Tile moves to strike the third count of Classic's cross claim on the grounds that Classic does not sufficiently allege a contractual indemnification claim or a common law indemnification claim based upon active/passive negligence. Florida Tile, further, moves to strike the indemnification claim on the ground that no independent legal relationship exists between itself and Florida Tile.
The motion to strike the indemnification claim is granted because Classic failed sufficiently to state a claim for indemnification. Failing to state a common law cause of action for active or primary negligence does not preclude a cause of action for indemnification.[5] See Krasowski v. Fantarella,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 036740 (April 21, 1999, Flynn, J.). "It is a general principle of law that, provided that there exists an express or implied contractual relationship, a right of indemnity exists whenever one party is exposed to liability by the action of another who, in law or equity, should make good the loss of the CT Page 27 other." Id. Here, however, there are no allegations that an express or an implied contract exists between Florida Tile and Classic. Furthermore, as previously stated, Classic failed sufficiently to allege either a breach of warranty of merchantability or a breach of warranty of fitness. As a result, in the absence of an express or implied contractual relationship, Classic cannot maintain an indemnification claim. See Burkert v.Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 82, 579 A.2d 26 (denying indemnification when party failed to establish claim of breach of the warranty of merchantability); Delvecchio v. Liberty ElectricCo., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343903 (April 29, 1999, Skolnick, J.) (striking indemnification claim when no contractual relationship existed between the parties). Accordingly, the court grants Florida Tile's motion to strike the third count of Classic's cross claim.
D. Fourth Count
Florida Tile moves to strike Classic's cross claim for contribution on the ground that a right to contribution fails to attach until the court enters judgment. Florida Tile, further, moves to strike the claim for contribution on the ground that a right to contribution pursuant to General Statutes § 52-572h only provides for contribution in negligence actions.
The motion to strike the claim for contribution is granted because a right to contribution fails to exist until the court enters judgment. See Feen v. Benefit Plan Administrators,
Superior Court, judicial district of New Haven at New Haven, Docket No. 406726 (January 13, 1999, Devlin, J.); Colandro v.Allstate Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 337064 (December 19, 1996, Zoarksi, J.T. R.); Franklin v. St. Luke's Community Services, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 116791 (March 30, 1995, Karazin, J.) (14 Conn. L. Rptr. 29, 32). Here, a judgment has not entered. Accordingly, the court grants Florida Tile's motion to strike the fourth count of Classic's cross-claim.
 CONCLUSION
Based on the forgoing, the court grants Florida Tile's motion to strike counts one through four of Classic's cross claim.[6]
CT Page 28
Mintz, J.